KLIEBERT, Judge.
The plaintiff, Arthur Matthews, brought this appeal from a judgment dismissing, after a trial, his claim for workmen’s compensation benefits against his former employer, Celotex Corporation, the defendant. The trial judge dismissed the claim due to insufficient evidence to show an accident and a work related injury. Plaintiff assigns as error the judge’s rejection of his testimony as to a work-related accident and his failure to find plaintiff was totally and permanently disabled. We affirm.
Mr. Matthews testified he was injured in September 1978 when his leg was caught between two twenty-five hundred pound jacks. According to his testimony, several fellow employees were there at the time the accident occurred and assisted him; however, none were called to testify. Mr. Albert Lejaunie, a production supervisor for Celotex, testified that at the time Mr. Matthews asked him for a slip to go to first aid, he did not notice an injury and although he made an investigation into the alleged accident, he was unable to find anyone who saw or knew anything about the accident.
Several neurology and orthopedic specialists who had examined and/or treated Mr. Matthews testified at the trial. None found objective symptoms of injury. All of the physicians who treated plaintiff believed he was able to return to work at the time of his discharge from treatment. Only one doctor who had examined Mr. Matthews during delays in the trial was of the opinion Mr. Matthews might not be able to perform some duties of a laborer. But even he testified he could find no organic basis for Mr. Matthews’ complaints and based his findings on his acceptance of Mr. Matthews’ credibility at the time of his examination.
Celotex’s insurance carrier had paid Mr. Matthews compensation for all of the time he was absent from work between the time of the alleged injury and the time he voluntarily terminated his employment because *691 he learned he would be terminated for sleeping on the job. This had included a non-court approved payment of 19 weeks of compensation while plaintiff was represented by an attorney other than the trial counsel.
After hearing the testimony and seeing the demeanor of the live witnesses, the trial judge, when weighing the plaintiffs testimony against that of the expert witnesses and Celotex’s production supervisor, seriously questioned Mr. Matthews’ credibility and concluded he had not received a disabling injury in a work related accident and had in fact been over compensated. We have carefully reviewed the record and cannot say the trial judge was manifestly erroneous in his conclusion. In the absence of manifest error, we cannot reverse the trial judge. Canter v. Koehring, 283 So.2d 716 (La. 1973). Rather, even when viewed from the typewritten record and without the advantage of seeing the live witnesses, we reach the same conclusion as did the trial judge. Accordingly, the judgment of the trial judge is affirmed. Costs to be borne by the plaintiff.
AFFIRMED.